UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:07-cr-0029-01-JMS-KPF |
| | ) | |
| JAMES FULTON, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report And Recommendation

This matter is before U. S. Magistrate Judge Debra McVicker Lynch, pursuant to the Order entered by the Honorable Jane Magnus Stinson, District Judge, on February 22, 2012, designating a Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on February 7, 2012, and to submit to Judge Stinson proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on February 16, 2012, before Magistrate Judge Kennard P. Foster, and February 29, 2012, before Magistrate Judge Debra McVicker Lynch, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure.*[1]

The hearing held on February 16, 2012, was conducted by U. S. Magistrate Judge Kennard P. Foster. On that date, Mr. Fulton appeared in person and with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The United States appeared by Joe Vaughn, Assistant United States Attorney. U.S. Parole and Probation appeared by Troy Adamson, U.S. Parole and Probation Officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The parties requested a continuance of the proceedings, and the court granted the motion. The preliminary hearing and revocation hearing were set for February 29, 2012, before U. S. Magistrate Judge Debra McVicker Lynch.

On February 29, 2012, the hearing was held by U. S. Magistrate Judge Debra McVicker Lynch. The defendant appeared in person and with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The United States appeared by Nick Surmacz, Assistant United States Attorney; and U.S. Parole and Probation appeared by Troy Adamson, U.S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583:

1. Bill Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Fulton in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Fulton and his counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3. Mr. Fulton was advised of the following:

    (a) his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition;

    (b) his right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses;

(c) his right to appear at the preliminary hearing and present evidence on his own behalf; and

(d) that if the preliminary hearing resulted in a finding of probable cause that Mr. Fulton had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Stinson's designation entered on February 22, 2012.

4. Mr. Fulton executed a written waiver of the preliminary examination, which was accepted by the Court.

5. Mr. Dazey stated that Mr. Fulton would stipulate that there was a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

6. Mr. Fulton, by counsel, stipulated that he committed certain of the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court. That Petition alleges the following violations:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| | On January 26, 2011, a search of the offender's residence was conducted. Inside the offender's bedroom, this officer discovered hypodermic needles and a spoon which was used for heating drugs for intravenous injection. The spoon contained an orange pasty substance that field tested positive for MDMA (ecstacy), a Schedule I controlled substance. Possession of a schedule I controlled substance is a felony in the State of Indiana, pursuant to Indiana Code 35-48-4-7(a). To date, no new charges have been filed. |
| **2** | **"The defendant shall not commit another federal, state, or local crime."** |

On January 26, 2011, a search of the offender's residence was conducted. Probation officers found a box of .12 gauge shotgun shells, a .20 gauge shotgun shell, and a stripper clip full of rifle ammunition. Possession of firearm ammunition by a convicted felon is a federal felony pursuant to 18 U.S.C. § 922(g). To date, no new charges have been filed.

| | |
|---|---|
| 3 | **"The defendant shall not commit another federal, state, or local crime."** |

On July 30, 2011, a police report was completed by the New Castle Police Department indicating the offender arrived at the residence of Rodney Boatright, a convicted felon, while armed with a loaded semi-automatic pistol. According to the report, the offender displayed the loaded handgun and said he wanted to kill Mr. Boatright. Mr. Boatright advised New Castle officers the defendant wanted to harm him over a $35 drug deal. Intimidation with a firearm is a felony in the State of Indiana, pursuant to Indiana Code 35-45-2-1(b)(2). To date, no new charges have been filed.

| | |
|---|---|
| 4 | **"The defendant shall not illegally possess a controlled substance."** |

During a search of the defendant's residence on January 26, 2012, probation officers found hypodermic needles and a spoon which field tested for the presence of MDMA (ecstasy). The defendant denied injecting drugs.

| | |
|---|---|
| 5 | **"The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer."** |

During a search of the defendant's residence on January 26, 2012, this officer found a citation in Fulton's coat pocket which indicates the defendant was charged with Driving While Suspended in New Castle, Indiana, on January 20, 2012. This information was not conveyed to the probation officer.

| | |
|---|---|
| 6 | **"The defendant shall pay any fine imposed that remains unpaid at the commencement of the term of supervised release."** |

Since beginning supervised release, the defendant has failed to make any payments toward his $1,000 fine. The current balance is $978.45.

| | 7 | "The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon." |
|---|---|---|
| | | During a search of the defendant's residence on January 26, 2012, probation officers found several dangerous weapons including a sword, throwing stars, bow and arrows with razor tips, a crossbow, martial arts fighting style knives, a box of .12 gauge shotgun shells, a .20 gauge shotgun shell, and a stripper clip full of rifle ammunition. |

The Court placed Mr. Fulton under oath and directly inquired of him whether he admitted violations of the specifications of his supervised release set forth above. Mr. Fulton stated that he admitted to violations numbered 2, 5, 6, and 7 of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same. The government orally moved to dismiss violations 1, 3, and 4, and the Court granted the motion.

Counsel for the parties also stipulated the following:

1) Mr. Fulton has a relevant criminal history category of V. *See* U.S.S.G. § 7B1.4(a).

2) The most serious grade of violation committed by Mr. Fulton constitutes a Grade B violation, pursuant to U.S.S.G. § 7B1.1(b).

3) Pursuant to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Fulton is 18 to 24 months.

4) The parties agreed on the appropriate disposition of the case as follows:

   The defendant be sentenced to a period of confinement of 24 months to the custody of the Attorney General, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations, and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated his supervised release conditions stated in paragraphs 2, 5, 6, and 7 above. The defendant's supervised release is therefore **REVOKED** and James Fulton is

sentenced to the custody of the Attorney General or his designee for a period of 24 months. Upon service of his sentence, the defendant will not be subject to supervised release.

The Magistrate Judge requests that Troy Adamson, U.S. Parole and Probation Officer, prepare for submission to the Honorable Jane Magnus Stinson, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Fulton stipulated in open Court waiver of the following:

1) Notice of the filing of the Magistrate Judge's Report and Recommendation;

2) Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72-1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Fulton entered into the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Fulton's supervised release and the sentence imposed of imprisonment of 24 months in the custody of the Attorney General or his designee. Upon release from incarceration, the defendant will not be subject to supervised release.

**IT IS SO RECOMMENDED**.

Date: 03/12/2012

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joe Vaughn,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service